[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE VERDICT
Defendant moves to set aside the verdict on the grounds the verdict was against the evidence in that plaintiff failed to prove by expert testimony that the defendant's alleged breach of standard care was the proximate cause of plaintiff's numbness, that the defendant's failure to advise plaintiff of the risk of permanent anesthesia was a violation of his duty to obtain plaintiff's in informed consent, and that the verdict was excessive.
Plaintiff sued defendant, a dentist, for medical malpractice, in connection with his extraction of a molar, resulting in permanent numbness of the right quadrant of her jaw, lip and chin. The jury returned a verdict in favor of the plaintiff for $775,000 non-economic damages, $1,100 economic damages and found her 40% negligence. Accordingly, the court entered judgment for plaintiff in the amount of $465,660.
The verdict being general, if the evidence, viewed most favorable for plaintiff, establishes the proof of any of plaintiff's claims of malpractice, the verdict must be sustained. In this case, Dr. Mark, plaintiff's medical expert, testified the plaintiff's root tips were infected at the time of the extraction, the standard of care required that they be removed, and failure of defendant to do so violated that standard. Dr. Mark further testified the infected root tips were a substantive factor in producing the infection which affected plaintiff's inferior aviola nerve, causing her permanent numbness. On this testimony alone the jury had a basis for deciding the issue of liability against the defendant.
On the issue of the excessiveness of the verdict, the court takes into account the following facts: plaintiff's right lower lip, chin, jaw and side of her face were left in a permanent state of novocaine numbness; she lost some sense of taste; she has a feeling of coolness on her lip as if she were drooling, requiring her constantly to wipe the area and it affects her smile; she has suffered emotional distress and mental anguish. These injuries are permanent and plaintiff has a life expectancy of 42.8 years. CT Page 6256
The rules for determining whether or not a verdict is excessive are: a court should be hesitant to set aside a jury's award of damages; Zarrellis v. Berman Festival Society Inc, 6 Conn. App. 322, 327, cert den. 200 Conn. 801
(1986); the assessment of damages is peculiarly within the province of the jury; Buckman v. People Express Inc.,205 Conn. 166, 174-75 (1987); the evidence must be viewed in a light most favorable to sustaining the verdict; id at 175; Mather v. Griffin, 207 Conn. 125, 139 (1988); and a verdict can only be set aside when it "so shocks the sense of justice as to compel the conclusion that the jury was influenced by prejudice, mistake or corruption." Trumpold v. Beach,19 Conn. App. 22, 31, cert. den. 212 Conn. 812 (1989).
Here plaintiff suffered a significant permanent injury. But her medical special damages were $1,100 and she incurred no loss of earnings. The conduct of the defendant was not egregious, as in Sciola v. Shernow, 22 Conn. App. 351
(1990).
This court's first reaction to the jury's finding of $775,000 non economic damages is confirmed by further reflection: it shocks the court's sense of justice; it is not merited by the evidence; it can only be the result of a jury mistake or the jury's questioning the defendant's credibility in that his operative report says that he removed the root tips and he testified he told the plaintiff that he did not.
As a consequence, this court exercises its discretion to set aside the verdict of $465,660 as excessive unless the plaintiff agrees to a remittitur of $200,000.
Robert Satter State Trial Referee